IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                    PLAINTIFF

v.                            Civil No. 5:20-cv-05078

SHERIFF TIM HELDER;
SERGEANT JAMES MORSE;
JOHN DOE #1, Floor Officer Trainee;
JOHN DOE #2, Floor Officer; and
JOHN DOE #3, Floor Officer                                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed Plaintiff, Michael Todd Bailey ("Bailey"), pursuant to 42 U.S.C. § 1983. Bailey proceeds *pro se* and *in forma pauperis.*

This case is before the Court on the Motion to Dismiss (ECF No. 9) filed by Separate Defendant, Sheriff Tim Helder. Bailey has filed a Response (ECF No. 13) to the Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.  BACKGROUND

Bailey is currently detained in the Washington County Detention Center ("WCDC"). According to the allegations of the Complaint (ECF No. 1), Bailey has been subjected to unsafe living conditions during the COVID-19 pandemic. *Id.* at 4. He alleges that jail staff are not wearing masks. *Id.*

In claim one, Bailey alleges that on April 14th and April 15th, a new John Doe floor officer trainee was doing jail checks either not wearing a mask at all or merely having it hanging around

his neck.  (ECF No. 1 at 4).  Bailey alleges the new trainee believed everyone was sleeping but Bailey was not.  *Id*.  Bailey asserts he submitted a grievance about this issue to Detective Investigator Mulvaney.  *Id*.  In claim one, Bailey indicated he was bringing only an official capacity claim.  *Id*.  When asked to describe the custom or policy of Washington County that he believed caused the violation of his constitutional rights, Bailey responded:

> Abridgment of my civil rights, staff relations, not doing their job to keep us safe during a pandemic/coronavirus outbreak.  Repeatedly being seen, reported, grievances made, and still not doing their jobs & keeping us safe.

*Id*. at 5.

In claim two, Bailey again alleges he is being subject to unsafe conditions.  (ECF No. 1 at 5).  He alleges that on April 18th, he observed Sergeant Morse walking in the hallway without wearing a mask.  *Id*.  Bailey alleges this occurred during pill call when the pod door was open resulting in the possible transmission of the coronavirus.  *Id*.  Bailey has sued Sergeant Morse in both his individual and official capacities.  *Id*.  When asked to describe the custom or policy of Washington County that he believed caused the violation of his constitutional rights, Bailey responded: "abridgment of my civil rights, unsafe living conditions, staff relations, stress, anxiety, mental strain."  *Id*. at 6.

As relief, Bailey seeks compensatory and punitive damages.  (ECF No. 1 at 7).

## II.   APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.  DISCUSSION

Sheriff Helder has moved for dismissal arguing the Complaint fails to state facts showing he conducted any wrongful activity or caused any alleged damage or injury. (ECF No. 9 at 1). In fact, he points out he is not mentioned in the body of the Complaint at all. *Id*. As to any official capacity claim, Sheriff Helder points out that Sergeant Morse has been sued in both his individual and official capacities. *Id*. Therefore, any purported claim against Washington County is preserved even with the dismissal of Sheriff Helder. *Id*. In response, Bailey asserts he filled out the Complaint to the best of his abilities. (ECF No. 13).

Individual liability under § 1983 must be based on personal involvement. *Ashcroft*, 556 U.S. at 676. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant[s], [Bailey] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support [§ 1983] liability").

As Sheriff Helder accurately points out, he is not mentioned in the body of the Complaint at all. No plausible individual capacity claim has been stated against him. Any official capacity claim against Washington County survives the dismissal of Sheriff Helder since an official capacity claim has been made against Sergeant Morse.

## IV. CONCLUSION

For the reasons stated, it is recommended that Sheriff Helder's Motion to Dismiss (ECF No. 9) be **GRANTED** and the claims against him be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE